## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **HOLIDAY HOSPITALITY** | ) | |
| **FRANCHISING, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **Case No. 08-2582-CM** |
| **LIZA YU BANN-SHIANG,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiffs Holiday Hospitality Franchising, Inc. and Six Continents, Inc. bring this suit, alleging that defendant Liza Yu Bann-Shiang breached a licensing agreement between the parties relating to the operation of a Candlewood Suites hotel.  Plaintiffs terminated the agreement because defendant allegedly violated several requirements in the agreement, and plaintiffs now seek unpaid fees, royalties, liquidated damages, and costs and expenses.  Defendant filed a Motion to Dismiss Amended Complaint (Doc. 9).  In her motion, defendant claims that plaintiffs' case is not ripe because the agreement requires that the parties engage in mediation before filing litigation.

On one point, defendant is correct:  The parties' agreement contains a provision requiring mediation prior to litigation.  But plaintiffs' complaint alleges that plaintiffs initiated mediation procedures and that defendant did not respond to the notice.  The agreement also provides, "If a Dispute cannot be resolved through mediation, the parties may litigate the dispute pursuant to Section 19.3," and that "[a]ny party may withdraw from the mediation at any time before signing a settlement agreement upon written notice to each other party and to the mediator."

At this stage of the proceedings, the court takes the allegations in plaintiffs' complaint as true.  *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.

1984).  Based on the allegations in plaintiffs' complaint, plaintiffs may be able to support an argument that by failing to respond to plaintiffs' request for mediation, defendant waived the right to insist on mediation prior to litigation or is estopped from seeking dismissal so that the parties can mediate.  Dismissal is therefore not appropriate.  The court does not view this as a ripeness issue that would impact the court's jurisdiction.  *See Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993) (citations omitted) ("We have noted that ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."). Rather, defendant has raised an argument in the nature of a condition precedent that may be subject to waiver or estoppel.

Both parties appear to desire mediation before engaging in litigation; defendant seeks mediation without a pending (but stayed) court case, and plaintiffs seek mediation while staying this case.  Specifically, plaintiffs request that the court stay further proceedings in this case for 75 days to allow the parties to mediate the claims.

Under the allegations in the complaint, the court determines that a temporary stay of this case is warranted.  The parties are ordered to mediate the case in accordance with the agreement.  This case is hereby stayed for 75 days.  On or before 75 days after entry of this order, plaintiffs must update the court and advise the court whether the parties have completed mediation and whether this case should be dismissed or stayed for an additional amount of time.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Amended Complaint (Doc. 9) is denied.

Dated this 22nd day of April, 2009, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**